UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN ESTEVEN ORTIZ NAVARRO,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2852

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community.[1] (Pet., ECF No. 1, PageID.8.)

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion to expedite. (Mot., ECF No. 2.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition, and entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the February 26, 2026, bond hearing on October 15, 2026. (Resp., ECF No. 8; Recording of Feb. 26, 2026, Bond Hearing, filed on Oct. 15, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2019 and has remained in the United States since that time. (Pet., ECF No. 1, PageID.10–11.) On November 27, 2025, ICE agents arrested Petitioner outside of his home. (*Id*., PageID.11.)

On February 19, 2026, the Court conditionally granted Petitioner's first habeas petition, which had challenged his initial detention without a bond hearing. Op. & J., *Ortiz Navarro v. Unknown Party* (*Ortiz Navarro I*), No. 1:26-cv-275 (W.D. Mich. Feb. 19, 2026), (ECF Nos. 10, 12). Thereafter, pursuant to the Court's February 19, 2026 opinion and judgment, the Detroit Immigration Court held a § 1226 bond hearing. Status Report, *id.*, (ECF No. 13). Following the hearing, in a written order issued on February 26, 2026, the Immigration Judge (IJ) denied bond, stating: "Flight risk." IJ Order, *id.*, (ECF No. 13-1).

On March 23, 2026, Petitioner filed a second habeas petition challenging the February 26, 2026, bond hearing. Pet., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro II*), No. 1:26-cv-947 (W.D. Mich. Mar. 23, 2026), (ECF No. 1). In an opinion and judgment entered on April 20, 2026, the Court dismissed Petitioner's petition without prejudice, concluding that Petitioner must first exhaust his administrative remedies because "Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision." Op., *id.*, (ECF No. 15, PageID.75).

On May 4, 2026, Petitioner filed a third habeas petition, contending that "new evidence," which consisted of "additional family declarations" and information about "[a] stable residence and family support," "defeats [the Immigration Court's] flight risk finding" and that he was subjected to unsafe conditions of confinement. Pet., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro III*), No. 1:26-cv-1462 (W.D. Mich. May 4, 2026), (ECF No. 1). In an opinion and judgment entered on June 9, 2026, the Court dismissed Petitioner's petition without prejudice, concluding that Petitioner must first exhaust his administrative remedies regarding his challenge to factual determinations at the bond hearing and because his claims regarding the conditions of his confinement may not be brought in a habeas action, but may be raised separately in a civil rights action. Op., *id.*, (ECF No. 10, PageID.50–51).

Thereafter, Petitioner filed a fourth habeas petition that the Court dismissed without prejudice because he again asserted conditions of confinement claims that were improperly raised in a habeas action. Op. & J., *Ortiz Navarro v. Unknown Party #1* (*Ortiz Navarro IV*), No. 1:26-cv-2169 (W.D. Mich. Aug. 12, 2026), (ECF Nos. 11, 12).

Petitioner filed the present petition on October 5, 2026.

## III. Discussion

In his § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at his § 1226(a) bond hearing on February 26, 2026. (Pet., ECF No. 1, PageID.7.) Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

unconstitutional burden of proof at the bond hearing. (Recording of Feb. 26, 2026, Bond Hearing, filed on Oct. 15, 2026.) Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).